UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE LUIS JUSTO ARANGO, | : | |
| aka Jose Luis De La Terre, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 3:08CV1004 (MRK) |
| | : | |
| USA IMMIGRATION, | : | |
| | : | |
| Respondent. | : | |

**RULING AND ORDER**

Petitioner Jose Luis Arango a/k/a/ Jose Luis de la Terre, filed a *pro se* Petition for a Writ of Mandamus [doc. # 1], requesting that the Court order the Department of Homeland Security's Bureau of Immigration and Customs Enforcement to immediately deport Mr. Arango to Peru. The basis of the Petition is an Immigration Judge's order, dated May 4, 2007, that Mr. Arango should be removed from the United States to Peru. *See* Petition [doc. # 1] App. A. The Court issued an Order to Show Cause [doc. # 4] directing the Government to show cause why the relief requested should not be granted. The Government filed its response on September 8, 2008. *See* Response to Order to Show Cause [doc. # 7]. On September 24, 2008, the Court issued a Notice to Mr. Arango [doc. # 8] advising him of the Government's response and directing him to file any reply no later than October 6, 2008. To date, Mr. Arango has not filed a reply.

A writ of mandamus is an extraordinary remedy and it is available only when the petitioner establishes that he has a "clear right" to the relief sought, the respondent has a duty to act as requested, and there is no other remedy available to the petitioner. *See Heckler v. Ringer*, 466 U.S.

1

602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *see also Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 218 (1930) (Mandamus may not be employed "to direct the exercise of judgment or discretion in a particular way."); *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008) (citing *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)). Here, Mr. Arango has no clear right to the relief he seeks; nor does the Government have a duty to immediately deport him. The reason why is because Mr. Arango is currently serving a state criminal sentence for sexual assault in the first degree, a sentence that does not expire until May 16, 2011. *See* Response to Order to Show Cause [doc. # 7] Ex. A.

As the Government points out, Section 241 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1231, governs the removal of aliens such as Mr. Arango. Section 241(a)(4)(A) provides that "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A). Furthermore, the statute states that nothing in the law "shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B). The law also provides that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

Based on these statutes, courts have recognized that a deportable alien ordinarily remains in the custody of the state correctional institution until his or her state sentence is completed. *See, e.g.,*

2

*Duamutef v. INS*, 386 F.3d 172, 179 (2d Cir. 2004) ("The law is clear that while Duamutef is still serving his state sentence, the Attorney General is under no obligation to execute a deportation order."); *United States v. Silva*, No. 05 Cr. 1262(DLC), 2008 WL 3410335, at * 1 (S.D.N.Y. Aug. 11, 2008); *Rodney v. INS*, 462 F. Supp. 2d 285, 288 (D. Conn. 2006); *Bell v. INS*, 292 F. Supp.2d 370, 372 (D. Conn. 2003). As a consequence, numerous district courts have denied aliens the mandamus relief that Mr. Arango seeks in this case. *See, e.g., Rodney*, 462 F. Supp. 2d at 288; *Ferris v. INS*, 303 F.Supp.2d 103, 107-108 (D. Conn. 2004); *Bell*, 292 F. Supp.2d at 372; *Santana v. Giambruno*, No. 97-CV-850(RSP/GJD), 1998 WL 295666, at *3 (N.D.N.Y. May 28, 1998); *Andriianov v. Meisner*, No. 97-CV-781(RSP/GJD), 1998 WL 106239, at *1 (N.D.N.Y. Mar. 3, 1998).[1]

Accordingly, the Court DISMISSES Mr. Arango's Petition for a Writ of Mandamus [doc. # 1]. **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **October 17, 2008.**

---

[1] It would not assist Mr. Arango for the Court to liberally construe his mandamus petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g, Duamutef*, 386 F.3d at 181.